POOL v. MITCHELL.

Opinion delivered June 30, 1919.

1. STATUTES—CONSTRUCTION—SUPERFLUOUS LANGUAGE.—Act No. 281 of 1919, providing for the construction of a certain highway, enacts as follows (§ 11): "The assessment of benefits shall be paid in successive installments, *so that no local assessment of benefits shall be paid in successive installments,* so that no local assessment shall in any one year exceed ten per centum of the assessed benefits accruing to said real property." *Held* that the words italicized should be treated as surplusage.

2. SAME—CONSTRUCTION—SUPERFLUOUS LANGUAGE.—Act No. 281, of 1919, providing for the construction of a certain highway, uses the following language: "The commissioners may require the assessors to review their assessment not oftener than once per annum, increasing or diminishing the assessment against particular pieces of property as justice requires, provided that the total amount of benefits shall not be diminished *if the district revised assessment shall be given as in cases of the original assessment, and it shall be equalized in like manner."* *Held,* that the language italicized is meaningless and should be treated as surplusage.

Appeal from Yell Chancery Court, Danville District; *Jordan Sellers*, Chancellor; affirmed.

*Wilson & Chambers*, for appellant.

The act relied on is clearly void for the reason that section 11 is uncertain and indefinite. See 72 Ark. 586; 45 *Id.* 158; 105 *Id.* 380. Courts can not substitute words by writing in the words omitted in a statute. 104 Ark. 597; 106 *Id.* 522. The entire statute is invalid. 34 Ark. 224; 66 *Id.* 36; 75 *Id.* 546.

*Sam J. Mitchell*, for appellees.

The omitted words in section 11 do not render the act invalid. The meaning of the whole act, read together, makes the intention clear, and there is no uncertainty nor is the act void therefor. 64 Ark. 556; 80 *Id.* 150; 63 *Id.* 612; 119 *Id.* 314; 120 *Id.* 406; 108 *Id.* 562; 92 *Id.* 93; 125 *Id.* 350; 111 *Id.* 108.

HART, J. C. W. Pool, a citizen and property owner of a proposed road district, brought this suit in equity

against the commissioners of the district to enjoin them from proceeding to construct the road under the act on the ground that the act was void for uncertainty. The commissioners filed a demurrer to the complaint which was sustained by the court. The plaintiff elected to stand upon his complaint, and it was dismissed for want of equity. The case is here on appeal.

The district in question was created by Special Act No. 281, approved March 17, 1919, for the purpose of constructing a road from a point in the town of Danville to a point in the town of Walnut Tree in Yell County, Arkansas.

The plaintiff alleges in his complaint that the act is unconstitutional and void for the reason that its provisions are too uncertain to be capable of enforcement. It is claimed that the uncertainty is that section 11 of the act undertakes to provide for a revision of the assessment in language which is so uncertain that the intention of the Legislature can not be carried out. Section 11 reads as follows: "It shall be provided by a resolution of the board of commissioners that the assessment of benefits shall be paid in successive installments, so that no local assessment of benefits shall be paid in successive installments, so that no local assessment shall in any one year exceed ten per centum of the assessed benefits accruing to said real property.

"The commissioners may require the assessors to revise their assessment not oftener than once per annum, increasing or diminishing the assessment against particular pieces of property as justice requires, provided that the total amount of benefits shall not be diminished if the district revised assessment shall be given as in cases of the original assessment, and it shall be equalized in like manner."

The first paragraph of the section repeats certain words, but it is not claimed that the repetition of these words renders the act void for uncertainty. It is manifest from reading the paragraph that the repetition of the words does not obscure its meaning. Any one read-

ing the act would treat them as surplusage and could readily ascertain the legislative intent from the language used.

It is claimed by counsel for the plaintiffs that the uncertainty arises from the language used in the last paragraph of the section. The first part of this paragraph reads as follows: "The commissioners may require the assessors to revise their assessment not oftener than once per annum, increasing or diminishing the assessment against particular pieces of property as justice requires, provided that the total amount of benefits shall not be diminished."

It is manifest that this much of the concluding part of the section is definite and certain. There can be no mistake in the meaning intended by the Legislature. Section 17 of the Declaration of Rights in our Constitution provides that no law impairing the obligation of contracts shall ever be passed. The manifest intention of the Legislature in putting in the proviso "that the total amount of benefits shall not be diminished" was for the purpose of not conflicting with the clause of the Constitution just referred to. Of course, the property can only be assessed to pay for the whole cost of the improvement, but, the assessment having once been made and a contract for the construction of the improvement having been made on the faith of it, the commissioners could never reduce the total amount of benefits assessed so as to impair the obligation of the contract. This is perfectly manifest from reading the whole act. It contains twenty-five sections, and no useful purpose could be served by setting them out in connection with what we have already said. All the concluding part of the section after the words "shall not be diminished" have no meaning at all. The fact, however, that they are words jumbled together without any certain meaning does not in any wise impair the meaning of the words that go before them. There are evidently words left out of the concluding part of the section, but it is not within the province of the court to insert these words. The words in the concluding part of

the section which as joined together have no definite meaning must be treated as surplusage.

It follows that the act is not void for uncertainty, and the decree will be affirmed.